| | |
|---|---|
| 1 | Douglas N. Silverstein, Esq. (SBN 181957) |
| | Mia Munro, Esq. (SBN 281317) |
| 2 | KESLUK, SILVERSTEIN & JACOB, P.C. |
| | 9255 Sunset Blvd., Suite 411 |
| 3 | Los Angeles, CA 90069-3309 |
| | Telephone: (310) 273-3180 |
| 4 | Facsimile: (310) 273-6137 |
| | dsilverstein@californialaborlawattorney.com |
| 5 | mmunro@californialaborlawattorney.com |
| 6 | Attorneys for Plaintiff MONICA TORRES |
| 7 | |
| 8 | CRAIG G. STAUB, Bar No. 172857 |
| | cstaub@littler.com |
| 9 | CARLY NESE, Bar No. 265342 |
| | cnese@littler.com |
| 10 | LITTLER MENDELSON, P.C. |
| | 633 West 5th Street |
| 11 | 63rd Floor |
| | Los Angeles, CA 90071 |
| 12 | Telephone: 213.443.4300 |
| | Facsimile: 213.443.4299 |
| 13 | Attorneys for Defendant |
| | LANE BRYANT, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA TORRES, an individual, | Case No. 2:17-cv-06933-RSWL-AFM |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| ASCENA RETAIL GROUP, INC., a Delaware corporation, d/b/a LANE BRYANT; and DOES 1 through 30,; inclusive, | |
| Defendants. | |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:152208312.1 074132.1067

I. PURPOSE OF STIPULATION AND PROTECTIVE ORDER

The Parties to this action anticipate that the discovery phase of this matter may involve the disclosure of material protected under the constitutional, statutory, or common law right to privacy or protected as confidential business, financial, proprietary, or trade secret information. Without waiving any objections to the discoverability of any such information, it is the Parties' intention to provide a mechanism by which discovery of relevant information, otherwise not objectionable, may be obtained in a manner which protects all Parties, including non-parties and third parties to this litigation, from the risk of disclosure of such confidential information. Accordingly, the Parties, by and through their respective counsel, hereby stipulate to, and seek the Court's approval of, the following Stipulated Protective Order ("Protective Order").

II. DEFINITIONS

1. Party and Parties. "Party" means any of the parties to this action, their affiliates, and their respective officers, directors, and employees. "Parties" means all of the parties to this action, their affiliates, and their respective officers, directors, and employees.

2. Counsel. "Counsel" means:
   a. Littler Mendelson, P.C., and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential or Attorney's Eyes Only Information for the purpose of this Proceeding;
   b. Kesluck, Silverstein & Jacob, P.C. and their respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential or Attorney's Eyes Only Information for the purpose of this Proceeding;

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:152208312.1 074132.1067

3. <u>In-house Counsel</u>. "In-house Counsel" means attorneys who are employees of a Party to this Action. In-house Counsel does not include Counsel of record or any other outside counsel.

4. <u>Proceeding</u>. "Proceeding" means the above-titled case, Case No. 2:17-cv-06933-RSWL-AFM.

5. <u>Court</u>. "Court" means the Hon. Ronald S.W. Lew, Sr., or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

6. Confidential Information. For the purposes of this Protective Order, the terms "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" mean information that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of: (1) Defendant Lane Bryant, Inc. ("Defendant"); (2) Plaintiff Monica Torres ("Plaintiff"); or (3) any third parties, the disclosure of which information is likely to have the effect of causing harm to the competitive position of Defendant or to the organization or person from whom the information was obtained, or to the parties' privacy. CONFIDENTIAL INFORMATION also includes information of a sensitive nature contained in any documents, deposition testimony, or other tangible thing, including but not limited to non-public personal information of any employee or customer of Defendant; sensitive personnel information regarding Defendant's employees, former employees, and/or job applicants; non-public business, financial, and/or customer information belonging to Defendant or related entities, including but not limited to personnel training documents and/or videos, personnel policies, and organizational charts; and trade secrets or non-public, confidential proprietary information belonging to Defendant or related entities. Information designated CONFIDENTIAL may be used only in connection with this proceeding, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Protective Order.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:152208312.1 074132.1067

2.

7. <u>Attorneys' Eyes Only Information</u>. "ATTORNEYS' EYES ONLY INFORMATION" or "ATTORNEYS' EYES ONLY" is defined herein as CONFIDENTIAL INFORMATION which constitutes, discloses, reveals, describes or discusses, in whole or in part, a trade secret within the meaning of the California Uniform Trade Secrets Act, business plans, information regarding products not released or announced to the public, non-public proprietary information, financial information of customers, financial information not released or announced to the public, and customer lists. The parties cannot reasonably anticipate all information that will be requested and produced in this action, and they therefore reserve the right to designate as ATTORNEYS' EYES ONLY INFORMATION any document or category of information, which they in good faith believe is entitled to the designation even if it is not expressly mentioned in the definition above.

8. <u>Designating Party</u>. "Designating Party" means the Party that designates documents, testimony, or information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

III. <u>DESIGNATION OF PROTECTED INFORMATION</u>

1. In connection with discovery proceedings in this action, the Parties may reasonably designate any appropriate document, thing, material, testimony or other information derived therefrom, as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION under the terms of this Protective Order. By designating a document, thing, material, testimony, or other information derived therefrom as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, the Party making the designation is certifying to the Court that there is a good-faith basis both in law and fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2. Any portion of any document, any information produced on magnetic disks or other computer-related media, and any portion of oral testimony produced or given in this action that is asserted by any Party to contain or constitute

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:152208312.1 074132.1067

3.

CONFIDENTIAL INFORMATION shall be so designated by such Party. Each page of each document, and the front of each disk, that contains CONFIDENTIAL INFORMATION shall be marked on its face with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Transcript pages containing or constituting CONFIDENTIAL INFORMATION shall be separately bound by the court reporter and marked "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" on each page. If a Receiving Party wishes to show non-CONFIDENTIAL portions of a document or transcript containing CONFIDENTIAL INFORMATION to a person or party not described below in Paragraph IV(1), it shall first redact all pages designated as CONFIDENTIAL.

3. Any portion of any document, any information produced on magnetic disks or other computer-related media, and oral testimony produced or given in this action that is asserted by any Party to contain or constitute ATTORNEYS' EYES ONLY INFORMATION shall be so designated either by the Producing Party, or the Designating Party (if different). Each page of each document, and the front of each disk, that contains ATTORNEYS' EYES ONLY INFORMATION shall be marked on its face with the legend "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER." Transcript pages containing or constituting ATTORNEYS' EYES ONLY INFORMATION shall be separately bound by the court reporter and marked ATTORNEYS' EYES ONLY on each page. If the Receiving Party wishes to show non-ATTORNEYS' EYES ONLY portions of a document or transcript containing ATTORNEYS' EYES ONLY INFORMATION to a person or party not described below in Paragraph IV(2), it shall first redact all pages designated ATTORNEYS' EYES ONLY.

4. Testimony taken at a deposition, conference, or hearing may be designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION by making a statement to that effect on the record at the deposition or other proceeding or, in the case of a deposition, such designation may be made

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:152208312.1 074132.1067

4.

within ten (10) days after the receipt of the deposition transcript. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and to label such portions appropriately. During the ten (10) day period, any such deposition transcript shall be treated as if it had been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

5. Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

IV. ACCESS TO PROTECTED MATERIAL

1. In the absence of written permission from a Designating Party or an order of the Court, any CONFIDENTIAL INFORMATION produced or designated in accordance with the provisions of Paragraph III above shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than: (a) the Receiving Party; (b) Counsel for the Receiving Party including necessary support personnel of counsel; (c) employees of the Receiving Party whose review of such information is required for the conduct of the above-entitled litigation; (d) Jury Consultants, Graphics Vendors, and Independent Experts who are engaged for the purpose of this action by the Party receiving the information and their support personnel; (e) the individual who authored, prepared or received the information; and (f) certified court reporters, translators, and videographers taking testimony involving such CONFIDENTIAL INFORMATION (with each such person or entity being a "Qualified Recipient" of CONFIDENTIAL INFORMATION).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:152208312.1 074132.1067

5.

2. Where testimony at a deposition involves disclosure of CONFIDENTIAL material, such deposition shall be taken only in the presence of the individuals identified in paragraph IV(1), subject to the requirement of the execution of a statement in the form attached hereto as Exhibit A.

3. In the absence of written permission from a Designating Party or an order of the Court, any ATTORNEYS' EYES ONLY INFORMATION produced in accordance with the provisions of Paragraph III above shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than: (a) Counsel for the Receiving Party including necessary support personnel of counsel; (b) certified court reporters taking testimony involving such ATTORNEYS' EYES ONLY INFORMATION and their support personnel; (c) Jury Consultants, Graphics Vendors, and Independent Experts who are engaged for the purpose of this action by the party receiving the information and their support personnel; and (d) the individual or individuals who authored, prepared, or lawfully received the information (with each such person or entity being a "Qualified Recipient" of ATTORNEYS' EYES ONLY INFORMATION).

V. COURT PROCEDURES.

1. If a Party wishes to challenge the designation of materials stamped CONFIDENTIAL or ATTORNEYS' EYES ONLY (a "Challenging Party"), the Challenging Party shall notify the Designating Party in writing of the documents and basis for the challenge. The Designating Party shall respond in writing within five (5) business days thereafter. If any disputes remain, the parties shall meet and confer within four (4) business days of the Designating Party's response in an effort to resolve such disputes. If any disputes remain unresolved, the Challenging Party shall bring a motion seeking to remove the confidentiality designation pursuant to Local Rule 37. The Designating Party shall provide its portion of a joint stipulation to the Challenging Party pursuant to Local Rule 37-2.2 within five (5) business days after

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:152208312.1 074132.1067

the parties meet and confer. Such motion shall thereafter be governed by Local Rule 37-2.2 through 37-4. This Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order.

2. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor in the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by any Party or any third party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or any third party or the absence thereof, or to impact in any way a Party's right to object to any discovery requests on any grounds, including attorney-client privilege, work product immunity, or any other protection provided under the law.

3. While this Protective Order is for the Court's consideration and approval as an order, it shall also be construed to create a contract between the Parties or between the Parties and their respective counsel.

4. This Protective Order shall survive the final termination of this Proceeding and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this Proceeding, Counsel for the Parties shall destroy all documents, materials, and deposition transcripts designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY, and provide written affirmation of such to opposing Counsel. However, Counsel for the Parties shall be permitted to retain one copy of CONFIDENTIAL or ATTORNEY'S EYES ONLY documents for their litigation file and in accordance with their document retention policies.

5. This Protective Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:152208312.1 074132.1067

7.

together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Stipulation and Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

6. In the event a party inadvertently discloses or produces any CONFIDENTIAL or ATTORNEY'S EYES ONLY materials without designation, such inadvertent disclosure does not constitute a waiver of confidentiality status. A party may designate such documents/information CONFIDENTIAL or ATTORNEY'S EYES ONLY within a reasonable time after such inadvertent disclosure.

7. In the event that a Party is served with a subpoena or an order issued in other litigation by any person, firm, corporation, or other entity who is not a party to this Proceeding, is not a signatory to this Protective Order, or otherwise is not bound by this Protective Order, which seeks to compel production of CONFIDENTIAL or ATTORNEY'S EYES ONLY documents or information, the Party upon whom the subpoena or order is served shall give written notice of the subpoena to the Party who has asserted that the documents or information sought by the subpoena or order is CONFIDENTIAL or ATTORNEY'S EYES ONLY. The written notice required by this Paragraph shall be given no later than seven (7) days after receipt of the subpoena or order, or before the production date set forth in the subpoena or order, whichever is earlier. The Party who designated the subpoenaed information or documents as CONFIDENTIAL or ATTORNEY'S EYES ONLY shall have the responsibility to obtain from the Court an order quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subpoenaed information or documents. If such a motion is filed before the requested production date, the Party upon whom the subpoena is served shall not produce the information or documents requested in the subpoena until after such time as the Court rules on the motion to quash the subpoena or motion for protective order. If an order quashing the subpoena

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:152208312.1 074132.1067

8.

or motion for protective order is obtained, the Party upon whom the subpoena, discovery request, or order is served shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena, or if the motion to quash the subpoena or motion for protective order is denied, the Party upon whom the subpoena is served may comply with the same without being deemed to have violated this Protective Order.

8. This Protective Order may be modified only if such modification is in writing, signed by the Parties, and approved by an order of the Court.

9. This Protective Order is not intended to and does not govern the use of confidential information at trial. The use of confidential information at trial shall be governed by the orders of the trial judge.

10. This protective order (and the designation of material as "confidential" or "attorneys' eyes only") does not entitle the parties to file material under seal. *See* Local Rule 79-5. Good cause to file under seal must be established by submission of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:152208312.1 074132.1067

competent evidence via declaration establishing that the material sought to be filed under seal qualifies as confidential, privileged or otherwise protectable.

Dated: January 16, 2018

/s/ Mia Munro
Douglas N. Silverstein, Esq.
Mia Munro, Esq.
KESLUK, SILVERSTEIN & JACOB, P.C.
Attorneys for Plaintiff MONICA TORRES

Dated: January 16, 2018

/s/ Carly Nese
CRAIG G. STAUB
CARLY NESE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
LANE BRYANT, INC.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:152208312.1 074132.1067

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

                        /s/ Carly Nese
                        CARLY NESE

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.

Firmwide:152208312.1 074132.1067

# ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated: __1/19/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

12.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:152208312.1 074132.1067

# Attachment A
# NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Monica Torres v. Lane Bryant, Inc.*, United States District Court for the Central District of California, Case No.: 2:17-cv-06933-RSWL-AFM, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Dated: _____

_____

Name:_____

Address:_____

_____

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:152208312.1 074132.1067

13.